Bechtold v. Fisher.

## SUMMONS IN ERROR.

[Defiance Circuit Court, October, 1896.]

Day, Price and Rohn, JJ.

† BECHTOLD v. FISHER, ADMR.

1. WHAT SUFFICIENT STATEMENT IN A SUMMONS IN ERROR.

  Where the summons in error states that the plaintiff in error has filed a petition against the defendant in error, to obtain a reversal of the judgment obtained against the plaintiff in error in the court of common pleas, is a substantial compliance with section 6713, Revised Statutes, in that it sufficiently states that a petition in error has been filed in the case.

2. A PROCEEDING IN ERROR IS A CIVIL ACTION.

  A proceeding in error is a civil action, and is commenced and the appearance of the defendant is secured in the same manner as in the commencement of any other action, by service of summons, or publication of notice as provided by law.

3. APPLICATIONS OF SECTIONS 4987, 4888, REVISED STATUTES.

  The general provisions contained in sections 4987 and 4988, Revised Statutes, defining when, and under what circumstances an action is to be deemed commenced by the service of a summons, have direct application to action in error, and govern and dispose of all questions that may arise in such action.

4. SUMMONS IN ERROR MUST BE SERVED WITHIN 60 DAYS FROM DATE.

  If a good faith attempt to commence an action is made and is followed by service of summons within sixty days, an action is in law commenced, and the bar of the statute defeated, but the summons must be actually served on the defendant within sixty days from its date, and if not so served, it is ineffectual, and on motion should be quashed.

ERROR to the Court of Common Pleas of Defiance county.

On March 17, 1896, the defendant in error, Fischer, administrator, obtained a judgment against Josephine Bechtold, plaintiff in error, by the consideration of the court of common pleas of Defiance county. On June 6, 1896, Bechtold filed a petition in error in the circuit court of said county to obtain a reversal of the judgment and caused a summons in error to be issued and dated the same day, directed to the sheriff of the county. This summons contained the statement:

"Josephine Bechtold, plaintiff in error, has filed a petition in the office of the clerk of the circuit court of Defiance county, Ohio, asking the reversal of a judgment which defendant in error obtained against the plaintiff in error in the court of common pleas of said county," etc. The summons is made returnable on or before October 20, 1896, being the first day of the term of the circuit court of said county. It was received by the sheriff June 8, 1896, and served on the attorneys of record of defendant in error on the 28th of September, 1896. The officer was directed by counsel of plaintiff in error not to serve the summons until October 1, 1896. No other summons was issued or served.

†Dismissed by Supreme Court for want of preparation, 6 News, 6.

DAY, J.

The case is submitted on motion to quash the summons, on the grounds: 1. The summons is not such summons in error as is required by law to be issued and served to acquire jurisdiction of the defendant in error. 2. The service is asked quashed because the judgment sought to be reversed was rendered on the 17th of March 1896, and the only summons issued is dated June 6, 1896, and was attempted to be served Sept 28, 1896, and at no other time.

The objection to the summons, urged by counsel, is that it does not "contain a statement that a petition in error has been filed in the case," as required by section 6713, Revised Statutes. It is true it is not stated, in express words, that "a petition in error has been filed, but we think the statement is made in substance; and substance, not form, is the material thing. It is said: "The plaintiff has field a petition against the defendant in error, to obtain a reversal of the judgment named and definitely described. The names of both plaintiff and defendant are correctly given, so that there is no valid excuse or justification for a person of even very ordinary intelligence to refuse or fail to clearly comprehend and fully understand that a petition in error had been filed against him. Therefore, the motion to quash the summons in error, we think, is not well taken, and is not allowed.

This leaves for disposition the proposition to quash the service of summons in error, and the question is: Was the service made in such manner and such time that it, in contemplation of law, would be the commencement of an action in error; were the statutory requirements, touching service of summons, complied with, so that an action was commenced and pending, prior to the running of the statute of limitations; i. e., within six months from the time the judgment complained of was rendered, within six months after March 17, 1896, as provided by statute, section 6723, Revised Statutes.

A proceeding in error is a civil action—an action in error—and is commenced and the appearance of the defendant secured, in the same manner as in the commencement of any other action, by service of summons or publication of notice as provided by law. It is expressly provided in section 6713, Revised Statutes, in such case, a petition in error being filed in the proper court, a summons shall issue and be served, or publication made, as in the commencement of an action; thus referring the whole matter of securing the appearance of the defendant in the action, to the general provisions of law relating to the time of commencing actions. It follows that the general provisions contained in sections 4987, 4988, Revised Statutes, defining when and under what circumstances an action is to be deemed commenced by the service of a summons, have direct application to actions in error, and must govern and control in the disposition of the question raised in this case.

Section 4987, Revised Statutes, provides:

"An action shall be deemed commenced, within the meaning of the chapter, as to each defendant, at the date of the summons which is served on him." * * *

If that was all the provision on the subject, this action would, in law, have been commenced on June 6, 1896, as that is the date of the summons in question; but, unfortunately for the plaintiff in error, there is a further provision in the next following section, which limits and fixes a time in which the service must be made, in order to have the effect of

Bechtold v. Fisher.

commencing an action; and the time fixed is very much less than that directed by plaintiff in error and used by the sheriff.

Section 4988, Revised Statutes, provides:

"An attempt to commence an action, shall be deemed equivalent to the commencement thereof within the meaning of this chapter, when the party diligently endeavors to procure a service; but such attempt must be followed by service within sixty days."

If a good faith attempt to commence an action is made and is followed by service of summons within sixty days, an action is, in law, commenced, and the bar of the statute defeated. This provision is quite liberal, to parties who are in good faith and diligent in endeavoring to procure service so as to have a case pending, and makes it possible, by such exercise of diligence and good faith, to extend the time of the running of the statute of limitations nearly two months. The law always invariably rewards the vigilant and diligent man; but it has no favors for the negligent and dilatory one.

Applying the provisions of the two sections named, 4987–8, to the facts appearing here, we find the service of the summons ineffectual. The facts show an attempt to commence an action in error on the 6th of June, 1896, by the filing of a petition, and the issuing of a summons; but that attempt is not to be regarded as equivalent to a commencement of an action, for the reason the party did not diligently endeavor to procure service, and did not procure service within sixty days, as the law requires. On the contrary, the plaintiff was amiable and complacent, and so much at leisure in proceeding in the premises that ample time was afforded the limitations statute to fully finish its running and interpose its bar, before even an attempt was made to secure service of the summons.

The conclusion seems inevitable. There was no such service of summons as the law regards sufficient to cause the case to be pending in the circuit court. The service was ineffectual in law, and is quashed. The question raised is not a new one, but has been noticed by the supreme court a number of times, notably in the 36 Ohio St., 312, where it is held on somewhat similar facts, that a motion to strike the case from the docket is the proper mode of procedure, and should be sustained. Following this indication, counsel for defendant in error may file a formal motion to dismiss the action, and, treating it as filed, the motion is sustained, and the petition dismissed.

*Enos & Johnson,* for Plaintiff in Error.

*Harris & Cameron,* for Defendant in Error.